IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SIMON CHIKHLADZE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF STATE, FEDERAL BUREAU OF INVESTIGATION, GOVERNMENT OF KINGDOM OF DENMARK, GEORGIAN AUTHORITIES, TEA TSULUKIANI, KORDZADHI CRIME CELL,<br><br>　　　　Defendants. | CV 25-21-H-KLD<br><br><br>ORDER and FINDINGS AND RECOMMENDATION |

On February 27, 2025, Plaintiff Simon Chikhladze, who is proceeding pro se, filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against the above-named Defendants. (Doc. 2).

### I.　Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. The information provided in Plaintiff's Application to Proceed in District Court without

1

Prepaying Fees or Costs (Doc.1) is sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

## II.     Screening Requirement

Because Plaintiff is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

In addition, when a case is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The district court may raise and decide the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v.*

3

*Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.   Analysis

Plaintiff, who is a resident of the Republic of Georgia, alleges the above-named Defendants have subjected him "to egregious and inhumane treatment, including torture, extraordinary rendition, unlawful deportation, and obstruction of justice." (Doc. 2 at 1). He claims the United States Department of State, with the participation of the Federal Bureau of Investigation, improperly denied his U.S. visa application. (Doc. 2 at 3). He alleges the Government of the Kingdom of Denmark improperly denied his asylum application, and the Georgian Authorities "facilitated acts of torture, unlawful detention, arbitrary denial of boarding, and interference with [Plaintiff's] constitutional and legal rights." (Doc. 2 at 3-4). Plaintiff accuses Tea Tsulukiani, the Minister of Justice of the Republic of Georgia, of participating in multiple violations and coordinating with Danish and German officials to ensure his illegal deportation. (Doc. 2 at 4). Plaintiff further alleges that the Kordzakhia Crime Cell acted in concert with the other Defendants "to commit human rights violations, obstruct justice, and interfere with [Plaintiff's] freedoms." (Doc. 2 at 4). Plaintiff alleges several federal constitutional and

statutory violations, and seeks injunctive relief as well as compensatory and punitive damages. (Doc. 2 at 6-7).

Venue in federal question cases is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff states that "[v]enue is proper in [the] District of Montana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the harm caused by Defendants relates to violations of U.S. federal immigration law and constitutional protections." (Doc. 2 at 3). But Plaintiff does not allege any facts showing that any Defendant, or any of the events, persons or entities involved, has any connection to Montana whatsoever. Even construing the Complaint liberally in Plaintiff's favor, the Court cannot identify any viable basis for venue in this district.

For the reasons discussed above, the Court enters the following:

//

## ORDER

IT IS ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on February 27, 2025.

## RECOMMENDATION

IT IS RECOMMENDED that the Complaint be DISMISSED without prejudice based on improper venue.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

<u>Plaintiff must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 28th day of February, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge